GROMMES *et al. v.* SEEBERGER, Collector.[1]

(*Circuit Court, N. D. Illinois.* July 18, 1889.)

CUSTOMS DUTIES—CLASSIFICATION—PROPRIETARY MEDICINES.

Arp's Pepsin Bitters, which are prepared under the direction of a sworn chemist, and protected by a trade-mark, and are used, not as a beverage, but as a tonic, mixed with water or wine, in case of certain diseases, their chief medical ingredient being pepsin prepared chemically from the stomachs of animals, are dutiable as "proprietary preparations," under clause 99 of Heyl's Arrangement of the Customs Act of March 3, 1883, and not as "bitters containing spirits," under clause 313 of said Arrangement.

At Law.

*Shuman & Defrees,* for plaintiffs.

*W. G. Ewing,* U. S. Dist. Atty., and *G. H. Harris,* Asst. U. S. Atty., for defendant.

BLODGETT, J. Plaintiffs imported a quantity of bitters, known to the trade as "Arp's Pepsin Bitters," upon which the collector assessed a duty at the rate of two dollars per proof gallon, under clause 313 of Heyl's Arrangement of the Customs Act of March 3, 1883, which reads: "Cordials, liquors, arrack, absinthe, kirschwasser, ratafia, and other similar spirituous beverages or bitters containing spirits, and not specially enumerated or provided for in this act, $2 per proof gallon." Plaintiffs paid the duty upon these goods under protest, and appealed to the secretary of the treasury, by whom the action of the collector was affirmed, and in apt time brought this suit to recover the excess of duty imposed. Plaintiffs contend by their protest that the goods in question are a "proprietary article," within the meaning of clause 99 of Heyl's Arrangement of the Customs Law of March 3, 1883, which reads: "Proprietary preparations, to-wit, all cosmetics, pills, powders, troches, or lozenges, sirups, cordials, bitters, anodynes, tonics, plasters, liniments, salves, ointments, pastes, drops, waters, essences, spirits, oils, or preparations, or compositions recommended to the public as proprietary articles, or prepared according to some private formula, as remedies or specifics for any disease or diseases or affections whatever, affecting the human or animal body," etc. The proof shows that the goods in question are prepared under the direction and supervision of a sworn chemist; that they are protected by a trade-mark; that they are recommended for use as a tonic; that their chief medical ingredient is pepsin, prepared chemically from the stom-

---

[1] Reported by Louis Boisot, Jr., of the Chicago bar.

achs of animals; and that they are specially beneficial in cases of dyspepsia, diarrhea, and all stomach difficulties arising from indigestion; that they are not sold alone as a drink or beverage, but are taken as a tonic medicine mixed with water, and sometimes with wine or spirits. I am *therefore of opinion that these* bitters come within the description of a proprietary preparation, and should have been admitted at a duty of 50 per cent. *ad valorem* under clause 99, as insisted by plaintiffs. I do not intend to be understood as holding that all goods protected by a trade-mark come, for that reason alone, within the description of "proprietary preparations," but only that these goods, by reason of the care bestowed upon their preparation, the directions for their use, and the special use for which they are intended, are brought within the fair commercial meaning of those words.